J-S32022-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| VINCENT VANDELE HUNTLEY | : | |
| | : | |
| Appellant | : | No. 598 MDA 2022 |

Appeal from the PCRA Order Entered March 21, 2022
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s): CP-22-CR-0003066-2003

BEFORE: PANELLA, P.J., BENDER, P.J.E., and LAZARUS, J.

MEMORANDUM BY BENDER, P.J.E.: **FILED: NOVEMBER 7, 2022**

Appellant, Vincent Vandele Huntley, appeals *pro se* from the post-conviction court's March 21, 2022 order dismissing, as meritless, his second petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. We affirm.

The PCRA court summarized the background of this matter as follows:

> On November 1, 2004, [Appellant] pled guilty to 1st Degree Murder,[1] five (5) counts of Criminal Conspiracy,[2] Aggravated Assault,[3] Endangering Welfare of Children,[4] and Abuse of Corpse.[5] The Honorable Jeannine Turgeon sentenced [Appellant] to an aggregate term of life imprisonment plus a consecutive twenty-three and one-half (23½) to forty-seven (47) years in a state correctional institution. While still represented by counsel, [Appellant] filed a *pro se* Motion to Withdraw Guilty Plea on November 8, 2004, [but] he [later] withdrew [that motion] before [t]he [c]ourt on January 7, 2005. [Appellant] did not file a direct appeal from the judgment of sentence.

> [1] 18 Pa.C.S.[] § 2502(a)[.]

> [2] 18 Pa.C.S.[] § 903[.]

³ 18 Pa.C.S.[] § 2702(a)(1)[.]

⁴ 18 Pa.C.S.[] § 4304[.]

⁵ 18 Pa.C.S.[] § 5510[.]

On October 13, 2005, [Appellant] filed his first timely petition for relief under the [PCRA,] and counsel was appointed to represent him. On January 25, 2006, PCRA [c]ounsel filed a [p]etition to [w]ithdraw as [c]ounsel pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988). On June 30, 2006, PCRA [c]ounsel was granted leave to withdraw, and [Appellant] was given notice of [t]he [c]ourt's intention to dismiss his PCRA [petition without a hearing] pursuant to Pa.R.Crim.P. 907. On August 22, 2006, [Appellant's] PCRA [petition] was dismissed, and he subsequently filed a [n]otice of [a]ppeal to the Superior Court. On July 11, 2007, the Superior Court affirmed the denial of [Appellant's] PCRA [petition]. [**Commonwealth v. Huntley**, 932 A.2d 254 (Pa. Super. 2007) (unpublished memorandum).] On December 20, 2007, the Pennsylvania Supreme Court denied [Appellant's] [p]etition for [a]llowance of [a]ppeal. [**Commonwealth v. Huntley**, 940 A.2d 363 (Pa. 2007).]

On December 20, 2021, [Appellant] filed a second[, *pro se*] petition for relief under the PCRA. On December 27, 2021, we appointed Damian DeStefano, Esquire, as PCRA [c]ounsel. On February 22, 2022, Attorney DeStefano filed a [p]etition for [l]eave to [w]ithdraw as [c]ounsel, and an accompanying [m]emorandum in support thereof, pursuant to **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988)[,] and **Turner**, **supra**.

PCRA Court Opinion (PCO), 2/24/22, at 1-2.

On February 24, 2022, the PCRA court issued a notice of its intent to dismiss Appellant's PCRA petition without a hearing pursuant to Rule 907. Therein, the court also granted Attorney DeStefano's petition to withdraw and provided Appellant with twenty days to respond to its Rule 907 notice. On March 7, 2022, Appellant filed a request for an extension of time to file an objection to the PCRA court's Rule 907 notice, and for leave to file an amended *pro se* PCRA petition to respond to Attorney DeStefano's no-merit letter and

petition to withdraw. Thereafter, on March 9, 2022, the PCRA court granted Appellant's request for an extension of time but denied his request to file an amended PCRA petition, instead directing that Appellant could set forth any arguments he wished to raise in support of his claim for PCRA relief in his response to the Rule 907 notice.

Despite the PCRA court's ruling, Appellant filed another motion for leave to file an amended PCRA petition, along with an amended PCRA petition, on March 17, 2022. In his amended petition, he claimed that Attorney DeStefano provided ineffective assistance of counsel in connection with Appellant's second PCRA petition by failing to conduct a proper, independent review of the record, and by misstating material facts. In addition, on March 17, 2022, Appellant also filed an objection to the PCRA court's Rule 907 notice.

On March 21, 2022, the PCRA court issued a final order dismissing Appellant's PCRA petition. Therein, the court noted that Appellant's amended petition attempted to make a claim of ineffectiveness under **Commonwealth v. Bradley**, 261 A.3d 381 (Pa. 2021).[1] However, it determined that, because

---

[1] In **Bradley**, our Supreme Court held that "a PCRA petitioner may, after a PCRA court denies relief, and after obtaining new counsel or acting *pro se*, raise claims of PCRA counsel's ineffectiveness at the first opportunity to do so, even if on appeal." **Id.** at 401 (footnote omitted).

of the baldness of Appellant's ineffectiveness allegation and the frivolity of his claims for relief, it declined to appoint new PCRA counsel.[2]

Thereafter, on April 15, 2022, Appellant filed a timely, *pro se* notice of appeal. The PCRA court subsequently directed Appellant to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal, and he timely complied. The trial court later issued a Rule 1925(a) opinion, in which it relied on the reasoning set forth in its Rule 907 notice for dismissing Appellant's petition.

Appellant raises the following issues for our review:

1. Did the PCRA court abuse its discretion when it dismissed [Appellant's] most recent PCRA [p]etition without an evidentiary hearing with respect to his [a]fter-[d]iscovered [f]acts claim related to [c]o-defendant Ann Daw's letter, where said court held that [Appellant] met the standard of the [n]ewly-[d]iscovered [f]acts exception to the PCRA time-bar, thereby entitling him to a[n] evidentiary hearing on his **Brady**[3] claim where a possible miscarriage of justice may have occurred[?]

2. Did the PCRA court abuse its discretion by denying [Appellant's] request to file an amended PCRA petition relating to PCRA counsel['s] ineffectiveness in accordance with the Pennsylvania Supreme Court's decision in … **Bradley**, and in direct contradiction of the purpose of the Rule 907 [n]otice, thereby violating [Appellant's] [d]ue [p]rocess [r]ights[?]

3. Did … PCRA counsel render ineffective assistance when he failed to conduct his own independent investigation of the entire record concerning [Appellant's] [n]ewly-[d]iscovered [f]acts claim[,]

_____

[2] That same day, Appellant filed a motion to disregard his amended PCRA petition or, in the alternative, to consider it as an addendum to his objection to the court's Rule 907 notice, as he said he prematurely filed it, incorrectly anticipating that the court would grant him leave to do so.

[3] **Brady v. Maryland**, 373 U.S. 83 (1963).

which … sounded in a miscarriage of justice based upon a ***Brady*** claim[?]

4. Is [Appellant] entitled to an evidentiary hearing based upon all of the above claims, where there is a strong showing that the Commonwealth based its case and the subsequent conviction of [Appellant] and his [c]o-defendant on [f]raud[?]

Appellant's Brief at 4 (unnecessary emphasis omitted).

This Court's standard of review regarding an order denying a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. ***Commonwealth v. Ragan***, 923 A.2d 1169, 1170 (Pa. 2007). We must begin by addressing the timeliness of Appellant's petition, because the PCRA time limitations implicate our jurisdiction and may not be altered or disregarded in order to address the merits of a petition. ***Commonwealth v. Bennett***, 930 A.2d 1264, 1267 (Pa. 2007) (stating PCRA time limitations implicate our jurisdiction and may not be altered or disregarded to address the merits of the petition). Under the PCRA, any petition for post-conviction relief, including a second or subsequent one, must be filed within one year of the date the judgment of sentence becomes final, unless one of the following exceptions set forth in 42 Pa.C.S. § 9545(b)(1)(i)-(iii) applies:

**(b) Time for filing petition.--**

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the

> Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii).  Additionally, Section 9545(b)(2) requires that any petition attempting to invoke one of these exceptions "be filed within one year of the date the claim could have been presented."  42 Pa.C.S. § 9545(b)(2).

Here, Appellant's judgment of sentence became final on February 9, 2005, and thus, he had until February 9, 2006, to file a timely petition.[4] Consequently, his petition is facially untimely and, for this Court to have jurisdiction to review the merits thereof, Appellant must prove that he meets one of the exceptions to the timeliness requirements set forth in 42 Pa.C.S. § 9545(b).

Instantly, Appellant claims that he meets the newly-discovered-fact exception pursuant to Section 9545(b)(1)(ii).  Specifically, in his petition, he

---

[4] The trial court entered an order on January 10, 2005, permitting Appellant to withdraw his post-sentence motion.  **See** Pa.R.Crim.P. 720(A)(2)(c) ("If the defendant files a timely post-sentence motion, the notice of appeal shall be filed … within 30 days of the entry of the order memorializing the withdrawal in cases in which the defendant withdraws the motion.").

averred that his co-defendant — Ann Daw — sent him a letter, in which she relayed that she

> came across this [information] in [her] Defendant's Supplement page 6[, which] states that defendants is [*sic*] innocent of charges of murder and conspiracy to commit murder because it was insufficient evidence that the defendants possessed the requisite specific intent for a first & third degree murder conviction.

Appellant's Second PCRA Petition, 12/20/21, at Exhibit A at 4.[5]  Appellant claimed, *verbatim*, that he "first learned of this previously undisclosed facts of the Commonwealth not having sufficient evidence which would have supported or proved a conviction for murder let a lone murder of the first or third degree.  The Commonwealth's failure to disclose these facts is/was a direct violation of **Brady**…."  **Id.** at 6-7.  **See also id.** at 8 ("[T]he Commonwealth withheld the fact that its case and the evidence upon which it was alleged was insufficient to support the charge(s) and/or convictions of murder of the first or third degree, thus, rendering [Appellant's] alleged pleas invalid due to them being based upon a **Brady** violation and under the circumstances can only be viewed as [f]raud….") (emphasis omitted); **id.** at 10 ("[T]he prosecutors [*sic*] failure to disclose these facts that the evidence was insufficient to support or prove the defendants guilty of first or third degree was prosecutorial misconduct because it was intentionally suppressed while the prosecutor sought a sentence of death or life imprisonment.").

---

[5] Based on Appellant's arguments, it appears that Ms. Daw pled guilty to third-degree murder.  **See** PCRA Petition at 2 (indicating that Ms. Daw entered a negotiated plea to third-degree murder).

Here, the PCRA court determined that Appellant's claim did not meet the newly-discovered-fact exception, reasoning:

[W]e do not find that [Appellant] has satisfied the timeliness exception under [Section] 9545(b)(1)(ii).[6] While [Appellant] has blanketly claimed to be without knowledge of the alleged statement within some document within Ms. Daw's possession, he has failed to provide any specific details of his claim. For example, he has not secured a copy of whatever document Ms. Daw claims to have containing the statement in question. He clearly assumes that it is a police report and that it was not provided to his attorneys. However, other than invoking his *Brady* claim, he never actually alleges that the "report" in question was not provided to his attorneys. Simply because [Appellant] himself was unaware of something does not mean that it was withheld from him. Likewise, [Appellant] fails to address how the document could not have been discovered through the exercise of due diligence.

Even if we were to consider [Appellant's] claim timely, it is devoid of merit. As already stated, we cannot even assume that the document is, in fact, a police report. The letter references it as "Defendant's Supplement." This seems an odd title for a police report, but we are left only to wonder and speculate. The operative opinion of [Appellant's] innocence could have been made by a police officer or it could have been made by Ms. Daw's attorney in a document prepared for her. If so, there is not even the pretense of a *Brady* claim.

If we, once again, presume that the document is a report prepared by a police officer, [Appellant's] claim is still without any merit. The statement upon which [Appellant] relies does not actually reveal some previously unknown admissible fact. At best, it reveals a police officer's conclusory opinion from applying a set of facts to the applicable law. Such is the role of juries and not witnesses and would not have been admissible at trial. Therefore, we cannot find that [Appellant] suffered a constitutional violation which prevented a reliable adjudication of guilt or innocence from

_____

[6] We note that the PCRA court ascertained that Appellant satisfied Section 9545(b)(2), by filing his petition within one year of the date the claim could have been presented. *See* PCO at 4. However, we remind Appellant that he must fulfill the requirements of *both* Section 9545(b)(1) and (b)(2).

taking place, or that the so-called newly[-]discovered evidence was exculpatory and would have changed the outcome of the trial if it had been introduced. 42 Pa.C.S.[] § 9545(a)(2)(i) and (vi).

PCO at 4-5.[7]

We agree with the PCRA court that Appellant's claim does not meet the newly-discovered-fact exception of Section 9545(b)(1)(ii). That some unknown person in some unknown document opined that there was 'insufficient evidence that the defendants possessed the requisite specific intent for a first & third degree murder conviction' does not constitute a new fact for purposes of Section 9545(b)(1)(ii). As our Supreme Court has pointed out:

> Black's Law Dictionary explains the distinction [between 'law' and 'fact'] thusly: "Law is a principle; fact is an event. Law is conceived; fact is actual. Law is a rule of duty; fact is that which has been according to or in contravention of the rule." Black's Law Dictionary 592 (6th ed.1991). Put another way, "A 'fact,' as distinguished from the 'law,' … [is that which] is to be presumed or proved to be or not to be for the purpose of applying or refusing to apply a rule of law." *Id.* Consistent with these definitions, an

---

[7] In response to the PCRA court's observation that it is unclear what kind of document 'Defendant's Supplement' is, as Appellant had not secured a copy of it, Appellant asserted in his objection to the court's Rule 907 notice that:

> As to [Appellant's] not being able to produce a copy of the document that is in the possession of Ms. Daw, [Appellant] asserts that [the] Department of Corrections['] policies prohibited Ms. Daw from sending [Appellant] that type of mail. Moreover, the information contained in the … document in the possession of Ms. Daw is not and cannot be a police report as the court suggest[s]. This information was clearly received by Ms. [D]aw, after she was seen by the Pennsylvania Board of Probation and Parole.

Objection to Rule 907 Notice, 3/17/22, at ¶ 8. *See also* Appellant's Brief at 11 (claiming that Ms. Daw could not send him the 'Defendant's Supplement' because the Department of Corrections does not permit inmates to possess other inmates' mail).

in-court ruling or published judicial opinion is law, for it is simply the embodiment of abstract principles applied to actual events.

***Commonwealth v. Watts***, 23 A.3d 980, 986-97 (Pa. 2011).

Someone's opinion that there was 'insufficient evidence that the defendants possessed the requisite specific intent for a first & third degree murder conviction' does not constitute an 'event,' but instead is more akin to 'the embodiment of abstract principles applied to actual events.' ***Accord*** PCO at 5 ("The statement upon which [Appellant] relies does not actually reveal some previously unknown admissible fact. At best, it reveals a police officer's conclusory opinion from applying a set of facts to the applicable law. Such is the role of juries and not witnesses and would not have been admissible at trial."). In other words, the at-issue statement is a legal conclusion reached by someone, not a new fact. Thus, Appellant has not shown that he meets the newly-discovered-fact timeliness exception.

Appellant also complains that the PCRA court abused its discretion by denying his request to file an amended PCRA petition. ***See*** Appellant's Brief at 13. Despite the PCRA court's denial of his request, the docket reflects that Appellant nevertheless filed an amended petition, and that the PCRA court considered it in issuing its final order dismissing Appellant's petition. ***See*** Order, 3/21/22, at 1 (unpaginated) ("We also note that [Appellant's] [a]mended PCRA [p]etition attempts to make a claim of the ineffectiveness of PCRA counsel…. This claim is based upon [his] contention that PCRA [c]ounsel failed to 'conduct a proper independent review of the entire record.' Considering the baldness of this allegation and the frivolity of [Appellant's]

claims for relief, we decline to appoint new PCRA counsel."). Thus, as the PCRA court considered the claims made in Appellant's amended petition, no relief is due on this basis.

Finally, Appellant says that Attorney DeStefano "render[ed] ineffective assistance when he failed to conduct his own independent investigation into the entire record concerning Appellant's [n]ewly-discovered[-]facts claim." Appellant's Brief at 18. Specifically, Appellant argues that Attorney DeStefano should have contacted he or Ms. Daw about the 'Defendant's Supplement.' *Id.* at 20. We agree with the PCRA court that, given the frivolity of Appellant's claim that he learned a 'new fact' because some unidentified person opined that there was insufficient evidence to prove Appellant possessed the requisite specific intent in his case, Attorney DeStefano did not act ineffectively. *See Commonwealth v. Fitzgerald*, 979 A.2d 908, 910 (Pa. Super. 2009) ("To prevail on a claim that counsel was constitutionally ineffective, the [a]ppellant must overcome the presumption of competence by showing that: (1) his *underlying claim is of arguable merit*; (2) the particular course of conduct pursued by counsel did not have some reasonable basis designed to effectuate his interests; and (3) but for counsel's ineffectiveness, there is a reasonable probability that the outcome of the challenged proceedings would have been different.") (cleaned up; emphasis added).

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/07/2022